UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:15-CV-00088-TBR
CRIMINAL ACTION NO. 1:13-CR-00039-TBR

KELLY DEWAYNE MORRIS                                                    MOVANT/DEFENDANT

v.

UNITED STATES OF AMERICA                                                RESPONDENT/PLAINTIFF

**Memorandum Opinion and Order**

This matter is before the Court upon Movant/Defendant Kelly Dewayne Morris' Motion to Reopen Hearing and Require Defendant to Produce Audio and Video Recordings. [DN 60]. The United States has responded, [DN 61], and Morris has replied, [DN 62]. This motion is now ripe for adjudication. For the following reasons, Morris' motion is GRANTED IN PART and DENIED AS MOOT IN PART.

**Background**

On September 4, 2014, this Court entered a judgment of conviction against Morris in Case No. 1:13-CR-39 on one count of Possession of a Firearm by a Convicted Felon, 18 U.S.C. §§ 922(g)(1), 924(a)(2), one count of Possession of Body Armor by a Person Previously Convicted of a Felony – Crime of Violence, 18 U.S.C. §§ 931(2), 924(a)(7), and four counts of Possession with Intent to Distribute Cocaine Base, 21 U.S.C. §§ 841(a)(1), 841 (b)(1)(C). [DN 32]. These charges arose out of a series of transactions between Morris and a government confidential informant. Pursuant to a Fed. R. Crim. P. 11(c)(1)(C) plea agreement, Morris pled guilty to the aforementioned six counts and was sentenced to a total of 151 months of imprisonment. *Id*. On July 8, 2015, Morris filed a Motion to Vacate under 28 U.S.C. § 2255,

arguing ineffective assistance of counsel. [DN 36]. The Court referred that case, 1:15-CV-88, to Magistrate Judge H. Brent Brennenstuhl for rulings on all non-dispositive motions, appropriate hearings, and findings of fact and recommendations on any dispositive matter. [DN 37]. After the United States' Response, [DN 40], and Morris' Reply, [DN 42], the Magistrate Judge held a hearing on February 3, 2016.

At that hearing, Morris advanced two grounds for the vacation of his sentence under § 2255. First, Morris argued that his original counsel, Assistant Federal Defender Patrick J. Boudin, failed to pursue an entrapment defense, which Morris believes the evidence supports. *See* [DN 58, at 18]. On this point, Morris testified and presented video recordings of meetings he had with the government's confidential informant on October 10 and 16, 2013. [DN 51, Def.'s Ex. 1]; [DN 53, at 3-34]. Second, Morris argued that Boudin failed to file a notice of appeal, which Morris says he requested. [DN 58, at 24]. Only Morris' first ground for vacation of his sentence under § 2255, his potential entrapment defense, is relevant to this Motion.

Following the February 3 hearing, the Magistrate Judge issued Findings of Fact and Conclusions of Law, recommending that Morris' Motion to Vacate be denied, and that a Certificate of Appealability be denied on both grounds advanced by Morris. [DN 58, at 28]. In a thoughtful and well-reasoned opinion, the Magistrate Judge explained that, in his view, "Attorney Bouldin made a sound strategic decision regarding the viability of an entrapment defense after consulting with Morris and considering the video recordings of the transactions between Morris and the CI . . . ." *Id*. at 21. Because the evidence did not support an entrapment defense, Bouldin's decision to negotiate a plea agreement and recommend it to Morris was objectively reasonable, preventing Morris from establishing ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *Id*. at 22-23. The Magistrate Judge

2

also concluded that Morris "failed to demonstrate he gave Attorney Bouldin specific instructions to file a notice of appeal and that Attorney Bouldin disregarded those instructions," and therefore could not establish ineffective assistance of counsel under *Roe v. Flores Ortega*, 528 U.S. 470, 477 (2000), with respect to his second ground for vacation of his sentence. *Id*. at 27.

Morris filed an objection to the Magistrate Judge's findings on April 6, 2016. [DN 59]. Before the Court ruled on Morris' Motion to Vacate, however, Morris filed the instant motion, seeking to reopen the hearing before the Magistrate Judge and introduce tapes of additional conversations with the government's confidential informant. [DN 60]. Prior to the February 3 hearing, the Magistrate Judge ordered the government to turn over to Morris' counsel all audio and video recordings that were made available to Boudin in Morris' original case. [DN 50]. Morris claims, and the United States does not deny, that the government responded to that Order by providing Morris' counsel with tapes of transactions occurring on October 10, 2013 and October 16, 2013. However, as evidenced by the United States' response to this Motion, the government also possessed recordings of Morris' transactions with the CI occurring on August 1, August 12, and September 19. These recordings were not provided to Morris' current counsel until after the instant motion was filed, and were not considered by the Magistrate Judge during the February 3, 2016 hearing. Morris seeks to reopen that hearing and introduce the additional recordings, as he believes they strengthen his argument that entrapment was a viable defense.

Because the United States has produced the additional recordings requested by Morris, that portion of his Motion [DN 60] is DENIED AS MOOT. The remainder of Morris' Motion to Reopen the February 3, 2016 hearing is GRANTED, for the reasons explained below.

**Standard of Review**

The decision to reopen proof is "committed to the sound discretion of the trial judge." *United States v. Blankenship*, 775 F.2d 735, 740 (6th Cir. 1985) (reviewing district court's reopening of government's case at trial). However, the Sixth Circuit has stated that "courts should be extremely reluctant to grant reopenings." *United States v. Billingsley,* 474 F.2d 63, 67 (6th Cir.), *cert. denied,* 414 U.S. 819, 94 S.Ct. 42, 38 L.Ed.2d 51 (1973). When considering a motion to reopen, "the moving party must offer a good reason for not previously presenting the proposed proof," *United States v. Holland*, 522 F. App'x 265, 270 (6th Cir. 2013), providing a "reasonable and adequate explanation for failing to put forth its evidence in the original proceeding," *United States v. Stennis,* 457 F. App'x 494, 502 (6th Cir. 2012). Once the movant has done so, "the district court should account for the timeliness of the motion, the character of the proposed testimony, the effect of granting the motion, and . . . whether the opposing party will be prejudiced by reopening the record." *Holland*, 522 F. App'x at 270 (citing *United States v. Stennis,* 457 F. App'x 494, 502 (6th Cir. 2012); *United States v. White*, 455 F. App'x 647, 650–51 (6th Cir.2012)).

**Discussion**

At the outset, the Court notes that the parties agree on several important aspects of this Motion. The United States has provided the additional recordings requested by Morris, and has stated that it has no objection to the submission of the recordings as a supplement to the record. [DN 61, at 2]. Thus, the only real issue is whether Morris should be allowed to present the recordings in front of the Magistrate Judge and provide further testimony regarding their contents.

Generally speaking, courts are wary to reopen proceedings once proof has been submitted, and the party seeking to reopen must present a good reason for doing so. Here, Morris has met his initial burden of explaining why the evidence he seeks to submit was not presented in the original hearing. *See United States v. Holland*, 522 F. App'x 265, 270 (6th Cir. 2013) (upholding trial court's refusal to reopen a suppression hearing); *United States v. Stennis,* 457 F. App'x 494, 502 (6th Cir. 2012). The record is unclear as to why the August 1, August 12, and September 19 recordings were not provided to Morris' counsel as required by the Magistrate Judge's pre-hearing Order. [DN 50]. In any event, Morris did not possess the recordings at the time of the hearing, and thus was unable to present them in support of his claim of a viable entrapment defense. This explanation is both "reasonable and adequate," *Stennis,* 457 F. App'x at 502, especially in light of the fact that it was the opposing party's fault that the evidence was not available to be introduced at the February 3 hearing.

Morris having made an adequate showing as to why the recordings were not presented at the February 3 hearing, the Court must now weigh the factors set forth in *Holland* to determine whether the facts of this case warrant reopening the hearing. First, the Court must consider the timeliness of Morris' motion. *Holland*, 522 F. App'x at 270. The Magistrate Judge held his hearing on Morris' Motion to Vacate on February 3, 2016. The instant motion was not filed until August 1, 2016, a delay of nearly six months. Prior to this Motion, the last document filed by Morris was his Objections to Findings of Fact on April 6, 2016. [DN 49]. In neither that document nor this Motion does Morris explain the reason for this delay.

Next, the Court must consider the character of the testimony Morris seeks to admit in the reopened hearing. *Holland*, 522 F. App'x at 270. Morris' counsel reviewed the additional recordings and provided a summary of their contents in his reply. [DN 62]. The August 1 and

August 12 recordings, according to counsel, do not contain conversation relevant to Morris' entrapment defense. *Id.* at 1. However, during the September 17 recording, counsel claims that the CI first brings up the subject of firearms, and the possibility of trading firearms for narcotics. *Id*. If the CI was the first to suggest the illegal transactions, this could possibly lend support to Morris' entrapment defense, especially with respect to the firearm charge.

The Court must also consider the effect of granting Morris' Motion. *Holland*, 522 F. App'x at 270. The practical effect would be to require the Magistrate Judge to hold a supplemental hearing, allowing Morris to present the additional recordings and possibly receiving additional testimony from Morris and Bouldin. The legal effect would be to allow the Magistrate Judge to evaluate Morris' claimed entrapment defense in light of all the evidence. To establish an entrapment defense, the accused must show "government inducement of the crime, and a lack of predisposition on [his] part . . . to engage in the criminal conduct." *Mathews v. United States*, 485 U.S. 58, 63 (1988) (citations omitted). The September 17 recording, in which Morris' counsel claims that the CI first suggested the firearms/narcotics swap, could possibly strengthen Morris' defense on both *Mathews* elements. However, the Court expresses no opinion regarding whether this additional evidence and testimony will or should alter the conclusions previously reached by the Magistrate Judge.

Finally, the Court must determine if and how the United States will be prejudiced if Morris' Motion is granted. *Holland*, 522 F. App'x at 270. Here, any prejudice to the government will be slight. The United States has been in possession of the three additional recordings since the beginning of Morris' underlying criminal case. And while there was an unexplained delay between the February 3 hearing and Morris' filing of the instant motion, the government's failure to provide all the recordings in response to the Magistrate Judge's Order,

6

[DN 50], is also unexplained. This additional evidence and testimony contains no elements of unfair surprise, so the United States should not be caught off guard by any evidence or testimony presented at the supplemental hearing.

Weighing the above factors, the Court concludes that the February 3 hearing should be reopened. While there was a significant delay between the hearing and the filing of this Motion, the other factors set forth in *Holland* weigh in Morris' favor. The proposed testimony, however probative, is indeed relevant to Morris' claim that he had a viable entrapment defense. And although the additional recordings and testimony may very well not change the Magistrate Judge's conclusion, he should have the opportunity to evaluate the viability of Morris' entrapment defense in light of all the evidence that was available to Bouldin at the time of Morris' guilty plea. This additional consideration will result in little, if any, prejudice to the United States. Morris should be allowed to present the additional recordings in the presence of the Magistrate Judge and explain how they strengthen his claim that he had a viable entrapment defense.

## Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED:

Movant/Defendant Kelly Dewayne Morris' Motion to Reopen Hearing, [DN 60], is GRANTED, and Movant/Defendant Kelly Dewayne Morris' Motion to Require Respondent/Plaintiff to Produce Audio and Video Recordings [DN 60] is DENIED AS MOOT. The parties are directed to confer with the Magistrate Judge regarding the scheduling of the supplemental hearing.

cc: Counsel of Record